UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. FILED: JULY 18, 2008 |
| | ) | 08 cv 4099 |
| v. | ) | JUDGE CASTILLO |
| | ) | MAGISTRATE JUDGE SCHENKIER |
| S & S GROUP, LTD. d/b/a REMAX | ) | JH |
| EAST-WEST, through its successor | ) | |
| in interest, S&W ELMHURST, LLC, | ) | |
| also d/b/a REMAX EAST-WEST and | ) | |
| JOHN DEJOHN, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America alleges:

1. This is a civil action brought by the United States of America to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 (The "Fair Housing Act"). This action is brought by the United States on behalf of the National Fair Housing Alliance ("NFHA") pursuant to Section 812(o) of the Fair Housing Act, as amended, 42 U.S.C. § 3612(o).

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

3. Venue is proper under 28 U.S.C. § 1391 (b) because the actions giving rise to this action occurred in the Northern District of Illinois and because all defendants reside and/or do business in the Northern District of Illinois.

**PARTIES**

4. From at least June 2004 through February 2005, defendant S & S Group, Ltd. was a corporation doing business as "ReMax East-West," with its offices located at 191 South Route 83, Elmhurst, DuPage County, Illinois, in the Northern District of Illinois. Defendant S & W Elmhurst, LLC, is the successor in interest to S & S Group, Ltd. and is currently doing business as "ReMax East-West," in the Northern District of Illinois. Defendants S & S Group, Ltd. and S & W Elmhurst, LLC shall hereinafter be referred to as "ReMax East-West."

5. From at least June 2004 through February 2005, defendant John DeJohn was a realtor affiliated with the ReMax East-West office, located at 91 South Route 83, Elmhurst, DuPage County, Illinois, located in the Northern District of Illinois. Defendant DeJohn is no longer affiliated with ReMax East-West, but is still a realtor who does business in and resides in the Northern District of Illinois.

**FACTUAL ALLEGATIONS**

6. NFHA is a national non-profit membership organization incorporated under the laws of the Commonwealth of Virginia with its principal place of business in Washington, D. C. NFHA is a nationwide alliance of private, non-profit fair housing organizations, including member organizations in Illinois, whose mission is to eliminate housing discrimination and ensure equal opportunity in housing. As part of its fair housing enforcement efforts, NFHA conducts fair housing tests to determine whether entities covered by the Fair Housing Act are engaged in discrimination.

7. From June 2004 through February 2005, NFHA conducted an investigation of the sales practices of defendant ReMax East-West. As part of this investigation, NFHA conducted tests using "testers" to compare the treatment afforded by defendants to prospective home purchasers who were

of different races and national origin. Testers are persons who, without the intent to purchase a home, seek information about the availability of housing to determine whether discriminatory practices are occurring.

8. On September 4, 2004, an Hispanic tester called defendant DeJohn to inquire about a listed property in Berkeley, Illinois, which according to 2000 Census Bureau data, is approximately 27.6% African-American and 15.5% Hispanic in population. The tester told DeJohn that she and her husband intended to purchase a home in the Chicago area and told him her price range. She made an appointment to view homes with defendant DeJohn on September 11, 2004.

9. On September 11, 2004, defendant DeJohn steered the Hispanic tester toward areas that are predominantly African-American and Hispanic and steered her away from areas that are predominantly white. DeJohn showed the tester three homes, all in areas that are predominantly African-American and Hispanic. He told the tester that one of these homes "might be good for you," or words to that effect. Defendant DeJohn did not show or offer to show the tester any additional homes. Defendant listed several areas, all of which were predominantly white, and told the tester that she could not afford homes in those areas, even though in some cases the median home value in those areas was within the tester's price range. Defendant DeJohn did not make any follow-up telephone calls to the tester following the September 11, 2004 appointment.

10. On September 15, 2004, a white tester called defendant DeJohn to inquire about the same listed property that the Hispanic tester had inquired about in Berkeley, Illinois. The tester told DeJohn that he and his wife intended to purchase a home in the Chicago area and told him his price range, which was slightly less than the price range provided by the Hispanic tester. The white tester made an appointment to view homes with defendant DeJohn on September 20, 2004. Prior to

meeting the tester, DeJohn encouraged the white tester over the telephone to research on-line to find out "what the minority population is" of neighborhoods in the Chicago region, or words to that effect.

11. On September 20, 2004, DeJohn steered the white tester toward areas that are predominantly white and away from areas that are predominantly African-American and Hispanic. DeJohn showed the white tester nine homes, seven of which were in areas that are predominantly white. When showing the white tester the two properties in predominantly African-American and Hispanic areas, defendant DeJohn stated to the tester, "I don't care if you are a bigot. If we go to an area and you don't like it, just let me know. I can't be a bigot but you can be one," or words to that effect. DeJohn stated while driving through a predominantly African-American neighborhood and while looking in the direction of an African-American pedestrian, "if there is anything you don't like, just let me know and we can go somewhere else," or words to that effect. DeJohn told the white tester that the two homes they viewed together in the predominantly African-American and Hispanic areas were "dumps" and "repos" even though he had told the Hispanic tester that one of those homes "might be good for you." Defendant DeJohn made multiple follow-up calls to the tester after the September 20, 2004, appointment.

12. On August 22, 2005, NFHA filed a timely complaint with the United States Department of Housing and Urban Development ("HUD"), pursuant to the Fair Housing Act, alleging discrimination on the basis of race, color, and national origin. On April 7, 2008, NFHA filed an amended complaint to revise the summary of allegations and to add as respondents defendant S&W Elmhust, LLC, among others.

13. Pursuant to 42 U.S.C. § 3610 (a) and (b), the Secretary of HUD conducted and

completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report. Based on the information gathered in the investigation, the Secretary of HUD, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause exists to believe that illegal discriminatory housing practices had occurred.

14. On June 9, 2008, HUD issued a Charge of Discrimination pursuant to 42 U.S.C. § 3610(g)(2)(A), charging defendants with engaging in discrimination in violation of the Fair Housing Act.

15. On June 18, 2008, NFHA elected to have the claims asserted in HUD's Charge of Discrimination resolved in a civil action pursuant to 42 U.S.C. § 3612(a).

16. On July 7, 2008, the Administrative Law Judge issued a Notice of Election and Judicial Determination and terminated the administrative proceeding on NFHA's complaint. Following the Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o).

## FAIR HOUSING ACT CLAIMS

17. The testing conducted by NFHA, as described above in paragraphs 6-16, reveals that Defendants ReMax East West and DeJohn have:

   A. Refused to negotiate for the sale of and/or otherwise made unavailable dwellings to persons because of race and/or national origin in violation of 42 U.S.C. § 3604(a);

   B. Discriminated against persons in the terms, conditions or privileges of sale, or in the provision of services or facilities in connection therewith, of a dwelling because of national origin, in violation of 42 U.S.C. § 3604(b);

5

      C.      Made statements with respect to the sale of a dwelling indicating a preference, limitation, or discrimination based on race and/or national origin, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c); and

      D.      Represented to persons because of national origin that a dwelling was not available for inspection or sale when such dwelling was in fact so available, in violation of 42 U.S.C. § 3604(d).

18. Defendant Remax East West is liable for the discriminatory conduct described in paragraphs 6-16 of its agent Defendant DeJohn.

19. NFHA is an aggrieved person within the meaning of 42 U.S.C. § 3602(i), and has suffered damages as a result of the defendants' discriminatory conduct as described above, including the frustration of its mission and diversion of its resources.

20. Defendants' conduct described herein was intentional, willful, and taken in disregard for the rights of NFHA and others.

## PRAYER FOR RELIEF

**WHEREFORE**, the United States prays that the Court enter an order that:

(i) Declares that defendants' conduct as alleged herein violates the Fair Housing Act, as amended, 42 U.S.C. §§ 3601, *et seq.*;

(ii) Enjoins defendants, their agents, employees, and successors, and all other persons in active concert or participation with them from discriminating on the basis of race and national origin against any person in any aspect of the sale of a dwelling, pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1);

      (iii)    Awards monetary damages to NFHA pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1); and

The United States further prays for such additional relief as the interests of justice may require.

 

MICHAEL B. MUKASEY
Attorney General

s/ Grace Chung Becker
GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division

PATRICK J. FITZGERALD
United States Attorney
Northern District of Illinois

s/ Joan Laser
JOAN LASER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois  60604
Tel: (312) 353-1857
joan.laser@usdoj.gov

s/Steven H. Rosenbaum
STEVEN H. ROSENBAUM
Chief, Housing and Civil
Enforcement Section
Civil Rights Division

s/ Sameena Shina Majeed
TIMOTHY J. MORAN
Deputy Chief
SAMEENA SHINA MAJEED
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, N.W.
Northwestern Building, 7th Floor
Washington, DC 20530
Tel: (202) 305-1311
Fax: (202) 514-1116
Sameena.Majeed@usdoj.gov

July 18, 2008